IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLEVELAND WINSTON KILGORE-BEY, Jr.*
a/k/a/ Cleveland Kilgore
                                          *

Petitioner
                                          *

v                                                   Civil Action No. RDB-19-1120
                                          *

RENEE ALEXANDER, WARDEN
                                          *

Respondent
                                          *
                                        ***

## **MEMORANDUM OPINION**

Self-represented Petitioner Cleveland Winston Kilgore-Bey, Jr.[1] was arrested pursuant to a warrant issued on October 25, 2018 for violating the terms of his supervised release for bank fraud. *United States v. Kilgore*, Criminal Action No. RDB-18-101 (D. Md.); *United States v. Kilgore*, Criminal Action No. RDB-06-115 (D. Md). He is presently confined at the Chesapeake Detention Facility. Kilgore-Bey's violation of supervised release hearing was held on May 16, 2019, at which time the Court determined that he had he violated certain conditions of his supervised release, which was revoked. His sentencing on those violations is scheduled for June 3, 2019.

## **BACKGROUND**

On April 4, 2019, Kilgore-Bey appeared for his arraignment before Magistrate Judge Charles B. Day where he was advised of his rights and pleaded not guilty to violating his supervised release. (ECF No. 12). Kilgore-Bey was appointed counsel and ordered temporarily

---

[1] At the Violation of Supervised Release Hearing on May 16, 2019, Kilgore-Bey agreed to proceed by the name Cleveland Kilgore as set forth in his criminal cases. *United States v. Kilgore*, Criminal Action No. RDB-18-101 (D. Md.); *United States v. Kilgore*, Criminal Action No. RDB-06-115 (D. Md).

detained pending his detention hearing. *Id.* On April 9, 2019, Magistrate Judge Thomas M. DiGirolamo held the detention hearing and ordered Kilgore-Bey detained. On May 1, 2019, Chief Magistrate Judge Beth P. Gesner held an attorney inquiry hearing after which she granted Kilgore-Bey's motion to represent himself Magistrate and directed appointed counsel to remain in the case as standby counsel. (ECF No. 21)

On April 15, 2019, Kilgore-Bey sent to the Clerk of Court a filing titled "Motion for Leave to File an Expedited Emergency Great Writ Habeas Corpus *Ad Subjiciendum*" under the All Writs Act, 28 U.S.C. §1651, alleging his confinement violates his liberty interest and rights under the "1st Amendment religious and political freedom to travel; 4th Amendment violation through arrest; 5th Amendment Due Process violation ..., the 6th Amendment violation of no notice of any legal action to imprison my body...., " and his right to due process and equal protection. He asks this Court to order his immediate release. (ECF No. 1 at 3). Kilgore-Bey asserts no facts in support of these bare and conclusory assertions.

## DISCUSSION

In *Morrissey v. Brewer,* 408 U.S. 471 (1972), the Supreme Court set forth the due process requirements for revocation of parole. Because "revocation of parole is not part of a criminal prosecution," the "full panoply of rights due a defendant in such a proceeding does not apply." *Id.* at 480. However, some process is due. Within a reasonable time after the preliminary hearing, the defendant is entitled to a final hearing. The minimum due process requirements for this final hearing include a written statement by the fact-finders as to the evidence relied on and the reasons for revocation. *See Brewer,* 408 U.S. at 488–89. The Supreme Court has explained that the written statement requirement purports to "insure adequate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on

2

permissible grounds supported by the evidence." *Black v. Romano,* 471 U.S. 606, 613–14, (1985). The *Brewer* requirements apply to revocation of supervised release as well as revocation of parole and probation. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973); *United States v. Copley,* 978 F.2d 829, 831 (4th Cir. 1992).

Kilgore-Bey has already received due process through his arraignment, detention hearing, attorney inquiry hearing, and the revocation hearing on May 16, 2019. Accordingly, his Petition for Habeas Corpus relief IS DISMISSED. Upon his sentencing on June 3, 2019, he may file an appeal with the United States Court of Appeals for the Fourth Circuit.

## CONCLUSION

For these reasons, this Petition IS DISMISSED by a separate Order.

Dated: May 17, 2019.

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE